IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION

| | | |
|---|---|---|
| Cynthia Holmes, | ) | C/A  2:17-2949-BHH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| James Y. Becker, M. M. Caskey, | ) | |
| Haynsworth Sinkler Boyd, P.A., and | ) | |
| Mikell R. Scarborough, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se,[1] originally asserting claims pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et. seq., and the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-5-101, et seq.  Plaintiff amended her original pro se Complaint on July 3, 2018 to include additional claims.  See Court Docket Nos. 30 and 33; see also Court Docket No. 31.

The Defendants Becker, Caskey and Haynsworth Sinkler Boyd, P.A., filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on July 11, 2018.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 12, 2018, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response.  Plaintiff was specifically

---

[1] Plaintiff is a frequent filer of litigation in this Court.  Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



1

advised that if she failed to file an adequate response, the Defendants' motion may be granted. Plaintiff thereafter filed for an extension of time to respond, which in light of Plaintiff's pro se status, was granted on August 8, 2018. The time for Plaintiff to respond to these Defendants' motion to dismiss was extended to September 13, 2018.

The remaining Defendant (Scarborough) filed a motion to dismiss on April 14, 2018, following which a second <u>Roseboro</u> order was entered on August 16, 2018. Plaintiff filed a motion for an extension of time to respond to Scarborough's motion to dismiss, which was granted by the Court on September 24, 2018. In that order, Plaintiff was granted to October 19, 2018 to file her responses to the pending motions to dismiss. Plaintiff thereafter filed her response to the Defendants motions, out of time, on October 23, 2018.

The Defendants' motions are now before the Court for disposition.[2]

### Plaintiff's Allegations

Although Plaintiff's original Complaint was only five (5) pages (with an attached two (2) page exhibit), her Second Amended Complaint (filed on July 3, 2018) totals one hundred forty one (141) pages (a fifty-four (54) page Complaint, with eighty-seven (87) pages of attached exhibits).[3] In her Second Amended Complaint, Plaintiff cites several additional federal code sections, as well as the United States Constitution, as being the bases for her claims. Plaintiff's

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]Plaintiff had also filed a proposed First Amended Complaint (totaling seventy-one (71) pages, including exhibits) on June 18, 2018. That motion was mooted when Plaintiff filed a motion to amend with her proposed Second Amended Complaint on July 2, 2018. <u>See</u> Order (Court Docket No. 31).



Second Amended Complaint asserts twelve (12) Causes of Action against these Defendants.

Plaintiff's claims in this lawsuit arise out of a state law malpractice action Plaintiff brought against the Defendant Haynsworth Sinkler Boyd, P.A. (and associated attorneys). The Defendant Scarborough (Master in Equity for Charleston County) is alleged to have "wrongfully" issued some orders in related state law litigation arising out of that case. Plaintiff's allegations show that she had hired the Defendant law firm to represent her in a case she brought against East Cooper Community Hospital. Plaintiff lost that case, and even had a sanctions order issued against her. See also Order [Court Docket No. 27-2]. Plaintiff then filed a malpractice action against the Defendant law firm and the Defendant Becker (along with another attorney, Manton Grier), which was also decided against her and which resulted in a second award of sanctions against her. That Order also enjoined the Plaintiff from filing any other suit on her own behalf. See also Order [Court Docket No. 27-1].

Plaintiff now alleges in the instant law suit that the Defendant law firm's efforts to collect on the court ordered sanctions award is a violation of the FDCPA and the South Carolina Consumer Protection Code. Second Amended Complaint, ¶ ¶ 14-17. Further, as part of the litigation through which the Defendant law firm was attempting to levy on the sanctions imposed against the Plaintiff, some of the proceedings were referred to Judge Scarborough, and Plaintiff references two rulings made by Judge Scarborough during these proceedings as being improper and in violation of her rights: a sua sponte (Plaintiff uses the term "ex parte") order issued by Judge Scarborough on February 9, 2017, and a discovery and sanctions order issued by Judge Scarborough on June 23, 2017. Second Amended Complaint, ¶¶ 7, 19. See also Attorney Defendants Exhibits D and J. Plaintiff also asserts that because Scarborough is not a circuit court judge, he has no



judicial immunity, and further argues in her Complaint that the conduct of which she complains consisted of "non-judicial acts" in any event. Second Amended Complaint, ¶¶ 21, 23. Plaintiff alleges that the Attorney Defendants' actions with respect to the order of February 9, 2017 (which Plaintiff alleges caused Scarborough to issue the "wrongful" order) denied her her constitutional rights of access to the Courts and of free speech. Second Amended Complaint, ¶¶ 18, 20. Plaintiff then goes on to assert that the attorney Defendants failed to pay required fees in the state court litigation, that Scarborough had improper ex parte communications and issued improper rulings which denied Plaintiff her rightful access to the courts, and that the summary manner in which her state court litigation was handled violated her constitutional rights. Id., ¶¶ 24-30.

In her **First Cause of Action**, Plaintiff asserts a claim under the South Carolina Constitution seeking injunctive relief requiring the Defendants to "refrain from enacting, executing, enforcing or attempting to enforce the February 9, 2017, Order", a copy of which is attached to the Second Amended Complaint. Id., ¶¶ 31-36. In her **Second Cause of Action**, Plaintiff seeks this same injunctive relief asserted as a federal constitutional claim. Id., ¶¶ 37-42. In her **Third Cause of Action**, Plaintiff seeks this same injunctive relief under South Carolina tort or common law. Id., ¶¶ 43-47. In her **Fourth Cause of Action**, Plaintiff seeks damages against the Defendants under 42 U.S.C. § 1983 for a violation of her constitutional right of access to the courts and to free speech. Id., ¶¶ 48-59. In her **Fifth Cause of Action**, Plaintiff seeks declaratory and injunctive relief, again pursuant to 42 U.S.C. § 1983.[4] Id., ¶¶ 60-73.[5] In her **Sixth Cause of Action**, Plaintiff seeks

---

[4]42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of
(continued...)



damages against the Defendants pursuant to 42 U.S.C. § 1985 for having engaged in an illegal conspiracy against her. Id., ¶ ¶ 74-88.[6]  In her **Seventh Cause of Action,** Plaintiff asserts a cause of action for negligence against the Attorney Defendants, specifically with respect to correspondence sent by the Defendant Caskey on November 1, 2016 seeking payment of the judgment amount that had been entered against the Plaintiff. Id., ¶ ¶ 89-90, and Plaintiff's attached Exhibit B.  In her **Eighth Cause of Action**, Plaintiff asserts "Equitable Claims" against the Attorney Defendants for falsely claiming or misrepresenting amounts of money owed. Id., ¶ ¶ 91-92.  In her **Ninth Cause of Action**, Plaintiff asserts a claim under the FDCPA against the Attorney Defendants for falsely representing the character, amount, and/or legal status of the debt owed, again referencing counsel's correspondence of November 1, 2016. Id., ¶ ¶ 93-97.  In her **Tenth Cause of Action**, Plaintiff asserts this same claim against the Attorney Defendants pursuant to the South Carolina Consumer Protection Code. Id., ¶ ¶ 98-102.  In her **Eleventh Cause of Action**, Plaintiff asserts a claim under the SCUTPA[7] (S.C. Code Ann. § 39-5-10, et. seq.), again relating to the correspondence of November 1, 2016. Id., ¶ ¶ 103-107.  Finally, in her **Twelfth Cause of Action**, Plaintiff asserts a state law

---

[4](...continued)

Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

[5]Although Plaintiff indicates that she is seeking declaratory and injunctive relief in this cause of action, she then states in the last paragraph of this cause of action that she is seeking "damages and punitive damages in the an amount to be determined by a jury . . . .".  .  Id., ¶ 73.

[6]This cause of action also seeks attorneys fees and costs pursuant to 42 U.S.C. § 1988.  Id., ¶ 88.

[7]South Carolina Unfair Trade Practices Act.



claim for civil conspiracy against all of the named Defendants. <u>Id.</u>, ¶ ¶ 108-118. Plaintiff seeks

declaratory and/or injunctive relief and monetary damages, including fees and costs. <u>See generally</u>,

<u>Plaintiff's Second Amended Complaint</u>, with attached Exhibits.[8]

### Discussion

The Defendants seek dismissal of all of Plaintiff's claims. When considering a Rule

12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw

all reasonable factual inferences in favor of the party opposing the motion. The motion can be

granted only if the party opposing the motion has failed to set forth sufficient factual matters to state

a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009); <u>see also</u>

<u>Vogt v. Greenmarine Holding, LLC</u>, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) ["[O]n a motion to

dismiss, the Court does not weigh the strength of the evidence, and simply considers whether the

[claim] alleges sufficient facts which, if true, would permit a reasonable fact finder to find [the party

seeking dismissal of the claim] liable."]. Further, the Federal Court is also charged with liberally

construing a complaint filed by a <u>pro se</u> litigant to allow for the development of a potentially

meritorious case. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Even so, the requirement of liberal construction does not mean that the Court can

ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the

---

[8]In addition to the factual allegations of the Complaint, the Court may also consider as part of a review of a 12(b) motion any document that is "integral to and explicitly relied on in the complaint." <u>Phillips v. LCI International, Inc.</u>, 190 F.3d 609, 618 (4th Cir. 1999) [In addition to the factual allegations of the Complaint, the Court may also consider as part of the review of a 12(b) motion any documents that are "integral to and explicitly relied on in the complaint"]; <u>Olson v. Midland Funding, LLC</u>, 578 Fed.Appx. 248, 250 (4th Cir. 2014) ["In considering a Fed.R.Civ.P. 12(b)(6) motion, a court may consider the complaint itself and any documents that are attached to it . . . ."] (internal citations omitted).



Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4ᵗʰ Cir. 1990). Here, after careful review and consideration of the pleadings in this case and the arguments of the parties, and in compliance with the requirements of Rule 12 and the liberal construction given to pro se pleadings, the undersigned finds for the reasons set forth hereinbelow that the Defendants' motions should be **granted**, and that his case should be **dismissed**.

### Damage Claims against the Defendant Scarborough

Initially, it is readily apparent that the Defendant Scarborough is entitled to dismissal as a party Defendant because he has immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question which should be resolved before discovery is even allowed]; accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges].

Plaintiff's arguments for why the Defendant Scarborough is not entitled to judicial immunity are patently without merit. First, Plaintiff argues that because Scarborough is not a circuit court judge, he has no judicial immunity. However, Scarborough does not need to be a circuit court judge, or any other particular type of judge. The fact that he is a judge is sufficient. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."].

Plaintiff's additional contention that Scarborough is not entitled to immunity because



7

the conduct of which she complains were "non-judicial acts" is also without merit. The exhibits

provided[9] show that after Plaintiff lost her lawsuit against the East Cooper Community Hospital, she

filed a legal malpractice lawsuit against the Defendant law firm and the Defendant Becker, which

she also lost. Further, in addition to losing her malpractice case, the Court sanctioned Plaintiff in

the amount of $200,000 due to her "unreasonable and ill-considered frivolous lawsuit" and her

"pattern of abusing the legal process in bringing frivolous actions . . . .". See Exhibit [Court Docket

No. 27-1]. As a result of her state court conduct, the Supreme Court of South Carolina also issued

a separate order directing Clerks of Court in South Carolina to refuse to accept any further pro se

filings from the Plaintiff that were related in any way to her East Cooper Community Hospital

litigation, which included her related malpractice litigation. See Exhibit [Court Docket No. 27-3].

The malpractice Defendants then commenced supplemental proceedings to collect on the $200,000

sanction award, and on December 30, 2016, South Carolina Circuit Court Judge Roger Young

referred the matter to the Defendant Judge Scarborough to handle supplementary proceedings in the

case. See Exhibit [Court Docket No. 46-2]. A second State Circuit Judge, Deandra Jefferson,

---

[9]In addition to the exhibits Plaintiff attached to her Complaint, the Defendants have also provided copies of numerous court orders and related documents from Plaintiff's state court proceedings, all of which may be properly considered by the Court in ruling on the motions to dismiss. See, n. 8, supra. See also Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) [Courts "may properly take judicial notice of matters of public record"]; American Chiropractic Ass'n v. Trigon Health Care, Inc., 367 F.3d 212, 234 (4th Cir. 2002) [Court may consider evidence of which the Plaintiff has notice, relies on in framing the Complaint, or does not dispute its authenticity]; Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



entered a similar order of reference to Judge Scarborough in January 2017. <u>See</u> <u>Exhibit</u> [Court Docket No. 46-4].

Both of the orders issued by Judge Scarborough (of which Plaintiff complains) were issued in his judicial capacity pursuant to these orders of reference of the case to him.[10] As such, these were not "non-judicial" actions by Judge Scarborough. <u>Cf</u>. <u>Mireles</u>, 502 U.S. at 11 [Noting that a judge is immune from liability except for "non-judicial actions, i.e., actions not taken in the judge's judicial capacity"]; <u>King v. Myers</u>, 973 F.2d 354, 357 (4th Cir. 1992) [whether a judge's conduct is a "judicial act" rests on "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity"]. Further, it is also clear that Judge Scarborough had jurisdiction to handle the matters before him and to issue the complained of orders. <u>Cf</u>. <u>Mireles</u>, 502 U.S. at 11 [Noting that in order for a judge not to be immune for their judicial actions, the actions taken must have been "in the complete absence of all jurisdiction"]. Finally, Judge Scarborough cannot be held liable for damages in this case just because Plaintiff disagrees with his rulings, or because she believes he otherwise acted improperly or even maliciously in the handling of her case. <u>Stump</u>, 435 U.S. at 356 ["A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority;

---

[10]It is noted that Plaintiff appealed both of Judge Scarborough's orders. Plaintiff's appeal of Judge Scarborough's order of February 9, 2017; <u>see</u> <u>Exhibit</u> [Court Docket No. 46-5]; was dismissed by the South Carolina Court of Appeals, dismissed again by the Court of Appeals on reconsideration, and then ultimately denied again by the South Carolina Supreme Court. <u>See</u> <u>Exhibit</u> [Court Docket Nos. 46-7, 46-8, and 46-10]. With respect to the order of June 23, 2017; <u>see</u> <u>Exhibit</u> [Court Docket No. 46-11]; Plaintiff appealed that order to the South Carolina Court of Appeals, which was denied as being an interlocutory appeal. <u>See</u> <u>Exhibit</u> [Court Docket No. 46-14]. Petitioner then filed a petition for rehearing, which was denied by the Court of Appeals. A remittitur was filed on October 18, 2018. https://www.charlestoncounty.org/departments/clerk-of-court/online-services.php.



rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction"].

Therefore, the Defendant Scarborough is entitled to dismissal as a party Defendant in this case.

### Claims of Constitutional Violations against the Law Firm and Attorney Defendants

Plaintiff's constitutional claims against the Attorney and Law Firm Defendants asserted under 42 U.S.C. § 1983 are also subject to dismissal. Because the United States Constitution regulates only the government, not private parties, a litigant asserting a § 1983 claim that his or her constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). See also, n. 4, supra. To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982); see U. S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991). Private attorneys are not government actors for purposes of § 1983 lawsuits just because they participate in court proceedings in a state judicial system. See Jackson v. State of South Carolina, 498 F.Supp. 186, 192-193 (D.S.C. 1979)[Retained attorney does not act under color law within in the meaning of §1983]. Therefore, such actions are not "under color of state law," and this purely private conduct, no matter how allegedly wrongful or injurious, is not actionable under § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. at 936.

While a private individual or corporation (such as the Defendants here) can act under color of state law, his, her, or its actions must occur where the private individual or entity is "a



willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). However, there are no "plausible" allegations here to suggest that these Defendants' actions were anything other than purely private conduct. Iqbal, 129 S.Ct. at 1949 [to survive a motion to dismiss, the plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"]. Plaintiff alleges that the law firm and attorney Defendants all engaged in a "conspiracy" with Scarborough to violate her rights, but this conclusory claim is not sufficient to state a "plausible" claim of joint action with an agent of the State to survive the Defendants' motions to dismiss. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]; Johnson v. Bank of America, No. 09-1600, 2010 WL 1542560, at * 2 (D.S.C. April 16, 2010)["Mere legal conclusions [are] not entitled to a presumption of truth"]. To establish a civil conspiracy under § 1983, a Plaintiff must show that the Defendants acted jointly in concert, and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right. Glassman v. Arlington Cnty., 628 F.3d 140 (2010)(citing Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)). Each member of the alleged conspiracy must have shared the same conspiratorial objective, and the factual allegations must reasonably lead to the inference that the Defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Hinkle, 81 F.3d at 421. As such, Plaintiff's allegations must be more than just "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422; see also Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"]. Here, however, the attorney and law firm Defendants were within their rights to



11

pursue collection through the state court system of the sanctions judgment that had been issued against the Plaintiff, and the Defendant Judge Scarborough was within his rights to issue orders and otherwise handle proceedings in that case.  See, also, discussion, supra.

Hence, no "plausible" claim of an unlawful or improper "conspiracy" between these Defendants has been presented.  See Johnson v. Holder, No. 11-2650, 2012 WL 4587355, * 1 (D.S.C. Sept. 28, 2012) ["More than labels and conclusions [are required], and a formulaic recitation of the elements of a cause of action will not do"] (quoting Twombly, 550 U.S. at 555), adopted by, 2013 WL 314753 (D.S.C. Jan. 28, 2013); Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; Marshall v. Odom, 156 F.Supp. 2d 525, 532 (D. MD. 2001)["To establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [his] deprivation of a constitutional right."], citing Hinkle, 81 F.3d at 421;  Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), aff'd., 526 F.2d 591 (4th Cir. 1975)[The generalized allegations of a civil conspiracy are not sufficient to maintain a claim under § 1983].

Therefore, Plaintiff has failed to state a claim under 1983 against the law firm and attorney Defendants.[11]

_____

[11]It is noted that in her Sixth Cause of Action, Plaintiff asserts a separate "conspiracy" claim under 42 U.S.C. § 1985. However, Plaintiff has failed to set forth any "plausible" claim of a violation of that statute.  See Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)[Setting forth criteria for maintaining a conspiracy claim under 42 U.S.C. § 1985(3)];Simmons v. Poe, 47 F.3d 1370, 1376-1377 (4th Cir. 1995)[Same].  Specifically, Plaintiff has failed to set forth a "plausible" claim that the
(continued...)



### Claims for Injunctive and/or Declaratory Relief

Plaintiff also seeks to have this Court enjoin the execution of various state court orders that have be entered relating to her state court litigation. However, the Anti-Injunction Act precludes such an injunction. Section 2283 of Title 28 of the United States Code mandates that except in certain circumstances "[a] court of the United States may not grant an injunction to stay proceedings in a State court...." The Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions Act." Vendo Co. v. LektroVend Corp., 433 U.S. 623, 630 (1977) (plurality opinion). These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments. Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988); Atlantic Coast Line R.R. Co. v. Board of Locomotive Eng'rs, 398 U.S. 281, 287-88 (1970). None of these exceptions applies here.

Moreover, to the extent Plaintiff is attempting to raise or present defenses to the decisions and rulings of the state courts through the filing of this lawsuit, she had the opportunity to present those defenses and arguments in the hearings held before the state courts, and she may not

---

[11](...continued)

Defendants conspired together to deny her the equal protection of the laws, her equal privileges and immunities under the laws, or otherwise deprived her of exercising any right or privilege of a citizen of the United States. Griffin, 403 U.S. at 102. Additionally, the Supreme Court has held that in order to maintain a conspiracy claim under §1985(3), a Plaintiff must show that the alleged conspiracy was motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin, 403 U.S. at 102; see also Trerice v. Summons, 755 F.2d 1081, 1084 (4th Cir. 1985). Plaintiff has failed to allege any facts to indicate any discriminatory motive on the part of the Defendants. Therefore, Plaintiff's Sixth Cause of Action asserting a claim under § 1985 is subject to summary dismissal. Cf. Johnson v. Flores, No. 05-1628, 2009 WL 606263, at * 6 (N.D.Cal. March 9, 2009).



re-litigate those claims now in this federal lawsuit. <u>Hilton Head Center of South Carolina, Inc. v. Public Service Commission of South Carolina</u>, 362 S.E.2d 176, 177 (S.C. 1987) [Under the doctrine of <u>res judicata</u> "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit""]; <u>see</u> <u>In re Dewayne</u>, No. 18-2163, 2018 WL 4056986 at * 4 (D.S.C. Aug. 24, 2018). Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. Therefore, any such claims are subject to dismissal pursuant to the doctrine of <u>res judicata</u>, as the pleadings in the case at Bar and in the state court litigation show that the parties or such parties' privies[12] in this action and the state court actions are essentially the same, there is identity of the subject matter, and there was an adjudication on the merits in the state court action. <u>Riedman Corp. v. Greenville Steel Structures, Inc.</u>, 419 S.E.2d 217, 218 (S.C. 1992) [<u>res judicata</u> established where there is identity of the parties, identity of the subject matter, and there was an adjudication of the issue in the former suit]. Plaintiff is also barred by the doctrine of collateral estoppel "from re-litigating in a subsequent suit an issue actually and

---

[12]Privies are persons who have mutual or successive relationships to the same property rights and were legally represented at trial. <u>South Carolina Dep't of Social Servs v. Winyah Nursing Homes</u>, 320 S.E.2d 464, 468-469 (S.C.Ct.App. 1984) (citing <u>First Nat'l Bank of Greenville v. U.S. Fidelity & Guaranty Co.</u>, 35 S.E.2d 47 (S.C. 1945); <u>see</u> <u>Ex Parte Allstate Ins. Co.</u>, 528 S.E.2d 679, 681 (S.C. Ct. App. 2000) [When applied to a judgment or decree, the term "privity" means "one so identified in intent with another that he represents the same legal right"]; <u>Briggs v. Newberry County Sch. Dist.</u>, 838 F. Supp. 232, 235 (D.S.C.1992) [<u>Res judicata</u> precludes a party from litigating in a second action identical claims against the same parties or their privies on which a final determination on the merits was issued]. <u>Cf.</u> <u>Weinberger v. Tucker</u>, 510 F.3d 486, (4th Cir. Dec. 20, 2007) ["Courts have held that the attorney-client relationship itself establishes privity."] (quoting <u>Henry v Farmer City State Bank</u>, 808 F.2d 1228, 1235 n. 6 (7th Cir. 1986) ["Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as . . . and attorneys of the Bank, are in privity with the Bank for purposes of res judicata."]).



14

necessarily litigated and determined in a prior action". <u>Jinks v. Richland County</u>, 585 S.E. 2d 281, 285 (S.C. 2003); <u>Nelson v. QHG of S.C., Inc.</u>, 608 S.E. 855, 858 (S.C. 2005) [Holding that plaintiff's claims were barred by collateral estoppel due to grant of summary judgment in prior state court action]; <u>see</u> <u>also</u> <u>Stone v. Roadway Express</u>, 627 S.E.2d 695, 698 (S.C. 2006) ["Collateral estoppel prevents a party from re-litigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action"] (quoting <u>Jinks v. Richland County</u>, <u>supra</u>); <u>cf.</u> <u>United States v. Mendoza</u>, 464 U.S. 154, 159 n. 4 (1984) ["Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from relitigating an issue the plaintiff has previously litigated unsuccessfully in another action against ... a different party"]; <u>Parklane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322, 326 (1979); <u>see</u> <u>Meyer v. McGowen</u>, No. 16-777, 2018 WL 4300121 at * 2 (D.S.C. Sept. 10, 2018).

Further, to the extent Plaintiff is seeking, through the filing of this lawsuit, a review of the judgements entered in her cases by the state courts, federal district courts do not hear "appeals" from state court actions. <u>See</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476-82 (1983)[a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257]; <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). Thus, Plaintiff may not use this civil action to challenge the determinations or rulings of the state courts. <u>See</u> <u>Anderson v. Colorado</u>, 793 F.2d 262, 263 (10th Cir. 1986) ["It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."]; <u>Brinkmann v. Johnston</u>, 793 F.2d 111, 113 (5th Cir. 1986); <u>see</u> <u>also</u> <u>Wise v. Bravo</u>, 666 F.2d 1328, 1333 (10th Cir.1981); <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586,



587–588 & nn. 2–4 (4th Cir. 1969) [holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over state courts]. Therefore, to the extent that Plaintiff is requesting relief in this lawsuit that would require this Court to overrule and reverse orders and rulings made in the state courts, such a result is prohibited under the Rooker–Feldman doctrine. Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 719-720 (4th Cir. 2006); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293-294 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 201 (4th Cir. 1997).[13]

Alternatively, to the extent that the state court actions are still pending,[14] the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 (1971), and its progeny preclude this Court from interfering with ongoing proceedings, as Plaintiff can raise these issues in those state court proceedings. The Younger doctrine applies to civil proceedings that "implicate a State's interest in enforcing the orders and judgment of its courts." Sprint Commc'ns, Inc. v. Jacobs, 134 S.Ct. 584, 588 (2013)(internal quotation marks omitted). Thus, to the extent that Plaintiff is seeking injunctive or declaratory relief relating to the decisions and rulings covering the subject matter of the underlying action in state court, her claim is barred under the Younger doctrine, although the abstention principles established in Younger may not require dismissal of Plaintiffs' claims for damages. See, e.g., Lindsay v. Rushmore Loan Mgmt., Servs., LLC, No. 15-1031, 2017 WL 167832, at *1, 4 (D. Md. Jan. 17, 2017)["causes of action for damages, such as Plaintiffs', may be stayed but

---

[13]The Rooker-Feldman doctrine is jurisdictional, so it may be raised by the Court sua sponte. American Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003).

[14]The proceedings in the judgment enforcement action filed against Plaintiff by the Defendant Law firm are apparently still proceeding. See 2007-CP-100144, https://www.charlestoncounty.org/departments/clerk-of-court/online-services.php.



16

not dismissed on <u>Younger</u> abstention grounds](citing <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 721 (1996)).

Therefore, Plaintiff's requests for injunctive and/or declaratory relief as set forth in her Second Amended Complaint are without merit, and should be dismissed.

### Federal Claims under the FDCPA

Plaintiff alleges in her Complaint that the Defendant law firm's efforts to collect the state court judgment entered against her violates the Fair Debt Collections Practices Act.  To establish a prima facie case for violation of the FDCPA, Plaintiff must establish: (1) she is a 'consumer' as defined by the FDCPA; (2) the debt arises out of a transaction entered primarily for personal, family, or household purposes; (3) the defendant is a 'debt collector' as defined by the FDCPA; and (4) the defendant has violated, by act or omission, a provision of the FDCPA. <u>See Creighton v. Emporia Credit Service, Inc.</u>, 981 F. Supp. 411, 414 (E.D. Va. 1997).  While attorneys can be considered "debt collectors" as that term is defined by the FDCPA under some circumstances, Plaintiff's allegations fail to provide sufficient facts to establish a plausible claim that the Defendants used "any false, deceptive, or misleading representation or means in connection with the collection of any debt," or used "unfair or unconscionable means to collect or attempt to collect any debt".  15 U.S.C. § § 1692(e) and (f).

There is nothing "false", "deceptive", "misleading" or "unfair or unconscionable" about the Defendant law firm attempting to collect a sanctions award that had been entered in its favor against the Plaintiff by a court order.  Moreover, Plaintiff is not a "consumer" under the FDCPA for purposes of the debt collection attempt at issue here, nor does the "debt" arise out of "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in



which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment'. 15 U.S.C. § 1692a(5). Therefore, Plaintiff's claims asserted under the FTCPA should be dismissed. Johnson, 2012 WL 4587355, * 1 ["More than labels and conclusions [are required], and a formulaic recitation of the elements of a cause of action will not do"] (quoting Twombly, 550 U.S. at 555), adopted by, 2013 WL 314753 (D.S.C. Jan. 28, 2013); see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim].

### Remaining State Law Claims

Finally, Plaintiff asserts various state law claims against the Defendant law firm and Attorneys. See generally, Plaintiff's First, Third, Seventh, Eighth, Tenth, Eleventh and Twelfth Causes of Action. The law firm and attorney Defendants correctly note in their motion that if the Court dismisses Plaintiff's federal claims from this lawsuit, these pendant state law claims should all also be dismissed under United Mine Workers v. Gibbs, 383 U.S. 715 (1966), and its progeny. See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988) [Noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit]; Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996); see also Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding



issues of state law among non-diverse litigation"].[15]

Gibbs provides that where federal claims in a lawsuit originally filed in United States District Court are dismissed, leaving only state law causes of action, dismissal of the remaining state law claims without prejudice is appropriate in order to allow the Plaintiff to pursue and obtain a ruling as to the viability of their state law claims in a more appropriate forum.  See generally, Gibbs, 383 U.S. at 726 ["Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"]; Carnegie–Mellon, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state law claims."].  Here, this case is in its early stages (being before the court on motions to dismiss), and if Plaintiff's state law claims were to survive, it would be much more appropriate for those claims to be tried by the state courts.

Finally, dismissal of Plaintiff's state law claims would also not prejudice the Plaintiff, as federal law provides for tolling of statutes of limitation for state claims during the period they were pending in federal court and for thirty days afterwards.  See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456 (2003); Hedges v. Musco, 204 F.3d 109, 123–124 (3rd Cir. 2000); Beck v. Prupis, 162 F.3d 1090, 1099–1100 (11th Cir.1998) ["a dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days"].  Therefore, Plaintiff would be able to refile her state claims in state court, if she chooses to do so, assuming of course that they were

---

[15]All of the parties in this case are alleged to be South Carolina residents.  See Second Amended Complaint, p. 2.  Therefore, there is no diversity jurisdiction in this case.  See 28 U.S.C. § 1332(a).



timely asserted initially through the filing of this action.

## Conclusion

Based on the foregoing, it is recommended that the Defendant Mikell Scarborough be **dismissed** as a party Defendant in this case. It is further recommended that Plaintiff's federal causes of action asserting claims under the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985, and the FDCPA (Plaintiff's Second, Fourth, Fifth, Sixth and Ninth Causes of Action) all be **dismissed** for the reasons stated. Plaintiff's remaining state law causes of action should then be **dismissed**, without prejudice. Plaintiff may then refile her state law claims in state claims in state court, if she chooses to do so. Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998)["Section 1367(d) ensures that the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court."].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 31, 2018
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).