IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cynthia Holmes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-2949-BHH |
| | ) | |
| | ) | |
| James Y. Becker, M.M. Caskey, | ) | **ORDER** |
| Haynsworth Sinkler Boyd, P.A., and | ) | |
| Mikell R. Scarborough, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff Cynthia Holmes ("Holmes" or "Plaintiff") pro se complaint against Defendants James Y. Becker ("Becker"); M.M. Caskey ("Caskey"); Haynsworth Sinkler Boyd, P.A. ("HSB"); and Mikell R. Scarborough ("Scarborough"). Plaintiff's original complaint was only five pages, but her second amended complaint consists of a 54-page complaint with 87 pages of attached exhibits, and Plaintiff alleges 12 causes of action based on, *inter alia*, the Fair Debt Collections Practices Act , 15 U.S.C. § 1692, *et seq.*, ("FDCPA"); the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-5-101, *et seq.*; and the United States Constitution.

On July 11, 2018, Defendants Becker, Caskey, and HSB filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. On August 14, 2018, Defendant Scarborough also filed a motion to dismiss pursuant to Rule 12. Plaintiff filed responses in opposition to Defendants' motions, and Defendants filed replies. In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary

review.

On October 31, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motions. Plaintiff filed a motion for extension of time to file objections along with a motion to stay pending the resolution of a prior interlocutory appeal to the Fourth Circuit Court of Appeals. The Court granted Plaintiffs' motion for an extension of time, instructing her to file her objections by December 13, 2018, but denied her motion to stay on December 11, 2018. The Court also granted Plaintiff additional time to file objections, instructing her to file them on or before January 2, 2019.

On December 27, 2018, Plaintiff filed a motion for reconsideration with respect to the Court's order denying her motion to stay, and on January 2, 2019, Plaintiff filed objections to the Magistrate Judge's Report. Defendants have filed responses to Plaintiff's motion to reconsider and to Plaintiff's objections, and Plaintiff has filed a reply and supplemental affidavit. For the reasons set forth herein, the Court denies Plaintiff's motion to reconsider and finds Plaintiff's objections wholly without merit. Accordingly, the Court adopts the Magistrate Judge's Report and grants Defendants' motions to dismiss as outlined herein.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Federal Rule of Civil Procedure 12

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court held in *Bell Atl. Corp. v. Twombly*, the pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted

3

as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In reviewing a Rule 12(b) motion, a court may consider, in addition to the factual allegations of the complaint, any document that is "integral to and explicitly relied on in the complaint." *Phillips v. LCI International, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Olson v. Midland Funding, LLC*, 578 F. App'x 248, 250 (4th Cir. 2014) ("In considering a Fed. R. Civ. P. 12(b)(6) motion, a court may consider the complaint itself and any documents that are attached to it . . . .") (internal citations omitted).

## ANALYSIS

### I. Plaintiff's Motion to Reconsider

As previously outlined, Plaintiff filed a motion to reconsider the Court's December 11 order, which denied her motion to stay this action pending resolution of the interlocutory appeal she filed on October 22, 2018. In the December 11 order, the Court determined that Plaintiff's interlocutory appeal did not require a stay of this action because the appeal involves issues entirely distinct from the issues addressed in the Magistrate Judge's Report. Thus, the Court denied Plaintiff's motion to stay finding that the appeal does not involve any controlling question of law that would affect the Court's consideration of the Report. (ECF No. 80 at 2.) In her motion to reconsider, Plaintiff again asks the Court to stay this case pending resolution of her interlocutory appeal.

Ordinarily, a court may grant a motion to alter or amend pursuant to Rule 59(e) for

4

only three reasons: (1) to comply with an intervening change in controlling law; (2) to account for new evidence not available previously; or (3) to correct a clear error of law or prevent manifest injustice. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). Here, after review, the Court finds that Plaintiff's motion to reconsider simply rehashes the arguments the Court previously rejected, and the Court finds that Plaintiff does not point to any intervening change in controlling law or new evidence sufficient to alter the Court's prior decision. In addition, the Court does not believe that relief is warranted to correct a clear error of law or to prevent manifest injustice. Accordingly, the Court denies Plaintiff's motion to reconsider and proceeds to consider Plaintiff's objections to the Magistrate Judge's Report.

## II. Plaintiff's Objections to the Magistrate Judge's Report

The allegations of Plaintiff's second amended complaint stem from a case that Plaintiff, who is a physician, initially brought against East Cooper Community Hospital ("East Cooper") in connection with the revocation of her medical staff privileges in 1997. Defendants HSB and Becker (along with another attorney employed by HSB) represented Plaintiff in that action. Plaintiff's litigation with East Cooper ultimately resulted in subsequent litigation filed by Plaintiff, including a malpractice action against HSB, Becker, and the other attorney who represented her. As a result of the aforementioned litigation, a number of orders have been entered against Plaintiff, including a circuit court order sanctioning Plaintiff and entering judgment against her in the amount of $200,000.00 and an order from the South Carolina Supreme Court finding that Plaintiff has engaged in vexatious litigation related to the revocation of her medical staff privileges at East Cooper

5

and specifically directing the Clerks of Court in South Carolina to refuse to accept further filings from Plaintiff in actions related in any way to the revocation of her medical staff privileges at East Cooper unless they are filed by an attorney licensed to practice law in South Carolina. (*See* ECF No. 27-2; ECF No. 46-3.)

Although the claims in Plaintiff's second amended complaint are difficult to decipher, she alleges that HSB's efforts to collect on the previously-mentioned court-ordered sanctions award against her violates the FDCPA and the South Carolina Consumer Protection Code. Plaintiff also alleges that Defendant Scarborough, Master-in-Equity for Charleston County, wrongfully issued two orders in connection with HSB's efforts to collect on the sanctions award, specifically, an alleged "ex parte" order issued by Judge Scarborough on February 9, 2017, and a discovery and sanctions order issued by Judge Scarborough on June 23, 2017. (*See* ECF No. 33 ¶¶ 7, 19; ECF Nos. 46-5 and 46-11.) In addition, Plaintiff claims, *inter alia*, that Judge Scarborough's acts were non-judicial and were without jurisdiction and that *all* Defendants have conspired against her and have denied her of various constitutional rights.

In his Report, the Magistrate Judge outlined Plaintiff's claims as follows:

> In her **First Cause of Action**, Plaintiff asserts a claim under the South Carolina Constitution seeking injunctive relief requiring the Defendants to "refrain from enacting, executing, enforcing or attempting to enforce the February 9, 2017, Order", a copy of which is attached to the Second Amended Complaint. Id., ¶¶ 31-36. In her **Second Cause of Action**, Plaintiff seeks this same injunctive relief asserted as a federal constitutional claim. Id., ¶¶ 37-42. In her **Third Cause of Action**, Plaintiff seeks this same injunctive relief under South Carolina tort or common law. Id., ¶¶ 43-47. In her **Fourth Cause of Action**, Plaintiff seeks damages against the Defendants under 42 U.S.C. § 1983 for a violation of her constitutional right of access to the courts and to free speech. Id., ¶¶ 48-59. In her **Fifth Cause of Action**, Plaintiff seeks declaratory and injunctive relief, again pursuant to

> 42 U.S.C. § 1983. Id., ¶¶ 60-73. In her **Sixth Cause of Action**, Plaintiff seeks damages against the Defendants pursuant to 42 U.S.C. § 1985 for having engaged in an illegal conspiracy against her. Id., ¶¶ 74-88. In her **Seventh Cause of Action**, Plaintiff asserts a cause of action for negligence against the Attorney Defendants, specifically with respect to correspondence sent by the Defendant Caskey on November 1, 2016 seeking payment of the judgment amount that had been entered against the Plaintiff. Id., ¶¶ 89-90, and Plaintiff's attached Exhibit B. In her **Eighth Cause of Action**, Plaintiff asserts "Equitable Claims" against the Attorney Defendants for falsely claiming or misrepresenting amounts of money owed. Id., ¶¶ 91-92. In her **Ninth Cause of Action**, Plaintiff asserts a claim under the FDCPA against the Attorney Defendants for falsely representing the character, amount, and/or legal status of the debt owed, again referencing counsel's correspondence of November 1, 2016. Id., ¶¶ 93-97. In her **Tenth Cause of Action**, Plaintiff asserts this same claim against the Attorney Defendants pursuant to the South Carolina Consumer Protection Code. Id., ¶¶ 98-102. In her **Eleventh Cause of Action**, Plaintiff asserts a claim under the SCUTPA (S.C. Code Ann. § 39-5-10, et. seq.), again relating to the correspondence of November 1, 2016. Id., ¶¶ 103-107. Finally, in her **Twelfth Cause of Action**, Plaintiff asserts a state law claim for civil conspiracy against all of the named Defendants. Id., ¶¶ 108-118. Plaintiff seeks declaratory and/or injunctive relief and monetary damages, including fees and costs. See generally, Plaintiff's Second Amended Complaint, with attached Exhibits.

(ECF No. 71 at 4-6.)

Next, the Magistrate Judge proceeded to consider the merits of the parties' motions to dismiss. First, with respect to Defendant Scarborough's motion to dismiss, the Magistrate Judge agreed with Scarborough that he is entitled to judicial immunity because the actions for which he is being sued all concern judicial acts made within his jurisdiction. In so finding, the Magistrate Judge specifically rejected Plaintiff's arguments that Scarborough is not entitled to judicial immunity because he is not a circuit court judge; that Scarborough is not entitled to judicial immunity because the complained-of acts were non-judicial in nature; and that Scarborough is not entitled to judicial immunity because he lacked jurisdiction to issue the complained-of orders.

7

In addition, the Magistrate Judge determined that, pursuant to the *Rooker-Feldman* doctrine, Plaintiff cannot, through the filing of this lawsuit, effectively seek review of judgments entered in her previous state court cases, as lower federal courts do not hear "appeals" from state court actions. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). (noting that "jurisdiction to review such decisions lies exclusively with superior state courts and ultimately the United States Supreme Court").

In addition, with respect to the remaining Defendants' motion to dismiss, the Magistrate Judge determined: (1) that Plaintiff's constitutional claims asserted under 42 U.S.C. § 1983 are subject to dismissal because the remaining Defendants are not state actors and Plaintiff's complaint contains no plausible allegations that these Defendants' actions constituted anything other than private conduct or that these Defendants otherwise conspired with a state actor; (2) that the Anti-Injunction Act bars Plaintiff's claims for injunctive relief; (3) that any attempts by Plaintiff to raise claims that she could have presented in the earlier state court litigation fail because Plaintiff is barred by the doctrines of *res judicata* and collateral estoppel from re-litigating claims in this suit; (4) that to the extent any state court actions are still pending, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 (1971), and its progeny bars this Court from interfering with ongoing state court proceedings; and (5) that Plaintiff fails to allege sufficient facts to state a claim under the FDCPA because there is nothing false, deceptive, or unfair about Defendants' attempt to collect on a sanctions award entered by a court, because Plaintiff is not a "consumer" under the FDCPA, and because the alleged debt does not arise out of a transaction entered primarily for person, family, or household purposes. Having found that Defendants were entitled to dismissal of all of Plaintiff's claims that arise under federal

law, the Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Plaintiff filed 70 pages of objections, along with 28 pages of exhibits, essentially objecting to the Magistrate Judge's Report in whole. For the most part, Plaintiff's objections are rambling and largely incoherent, and she simply rehashes arguments raised in response to Defendants' motions to dismiss and rejected by the Magistrate Judge. For example, it appears that pages 37 through 70 of her objections correspond almost exactly to pages 5 through 36 of her response to Defendants' motions. (*Cf.* ECF No. 69 at 5-36 and ECF No. 87 at 37-70.) The Court finds this portion of Plaintiff's objections wholly without merit, as it simply seeks reconsideration of her entire case under the guise of objecting.[1] In addition, Plaintiff raises several irrelevant arguments in her objections regarding other litigation in which she has been involved and having little to do with the claims raised in this action, and the Court also finds these portions of Plaintiff's objections without merit. Finally, however, to the extent the Court can decipher specific objections to the Magistrate Judge's Report, this order tries to address them.

First, with respect to the Magistrate Judge's findings as to Defendant Scarborough's motion to dismiss, Plaintiff objects that Scarborough is not entitled to judicial immunity

---

[1] The United States District Court for the Western District of Virginia once reviewed objections to a Magistrate Judge's Report that were copied directly from prior pleadings and determined that this practice does not constitute the submission of specific, written objections and does not entitle a plaintiff to *de novo* review. *See Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008). In *Veney*, the plaintiff's objections were "an almost verbatim copy of the 'Argument' section" of the plaintiff's brief, and the court explained that it was improper for Plaintiff "to seek re-argument and reconsideration of her entire case in the guise of objecting." *Id.* at 844; *see also Hobek v. Boeing Company*, 2017 WL 3085856, *2 (D.S.C. July 20, 2017). As the Court explained in *Veney*: "The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." 539 F. Supp. 2d at 845 (citation omitted); *see also United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir. 2007).

because he is not a judge. (*See* ECF No. 87 at 23). Plaintiff raised this exact argument to the Magistrate Judge, and the Court finds that the Magistrate Judge properly rejected it because in South Carolina a master-in-equity is part of the unified court system and is equivalent to a circuit court judge for purposes of judicial immunity. *See* S.C. Code Ann. §§ 15-11-10 and -15; *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Next, Plaintiff objects that Scarborough is not entitled to judicial immunity because his actions fall within an exception to judicial immunity. Again, Plaintiff raised this argument before the Magistrate Judge, and the Court finds that the Magistrate Judge properly rejected it. From a review of Plaintiff's second amended complaint, it is clear that she is suing him for judicial acts he made as the master-in-equity in connection with state court litigation in which Plaintiff was a party. Moreover, after considering the court orders and records from Plaintiff's prior state court proceedings–all matters of public record of which the Court may properly take judicial notice in considering Defendants' motions–it is clear that Scarborough issued the orders in question in his judicial capacity and not in the absence of jurisdiction, as they were made pursuant to orders of reference from the circuit court. (*See* ECF Nos. 46-2 and 46-4.) Plaintiff objects to the validity of the circuit court orders of reference, but the Court finds Plaintiff's objection wholly unsupported. Furthermore, the Court notes that, pursuant to the *Rooker-Feldman* doctrine, this Court is without jurisdiction to review the merits of state court decisions because "jurisdiction to review such decisions lies exclusively with superior state courts and ultimately the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). In all, the

10

Court finds Plaintiff's objections as to the Magistrate Judge's findings regarding Scarborough's motion to dismiss without merit.

Plaintiff also objects to the Magistrate Judge's findings as to the remaining Defendants' motion to dismiss, again essentially rearguing her claims and making entirely conclusory and often nonsensical allegations against these Defendants. For example, Plaintiff asserts that the record reflects that Defendants all acted in concert to conspire against her and fix the outcome of the case by:

> impermissible ex parte judge shopping, impermissible ex parte contact, wrongful taking of plaintiff's property and unearned filing fees, wrongfully striking of R. 60 SCRCP and other motions, denial of right to self-representation, denial of ability to file, denial of request to be heard as per the transcript excerpt included herein, *infra*, denial of adequate for meaningful review on appeal, and/or denial of due process, and other state and Federal constitutional and statutory due process and other protections, rights, and laws.

(ECF No. 87 at 10.) Plaintiff repeats allegations like these throughout her objections but nowhere in her second amended complaint does she allege sufficient facts to state any plausible federal claims. As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, with respect to Plaintiff's assertion that Defendants violated her rights pursuant to 42 U.S.C. § 1983, the Court agrees with the Magistrate Judge that there are no plausible allegations in Plaintiff's complaint to suggest that the law firm Defendants' actions were anything other than purely private conduct. Moreover, with respect to Plaintiff's repeated

assertion that the law firm Defendants conspired with Scarborough to violate her rights, the Court finds Plaintiff's claims entirely conclusory and wholly without substance. (*See, e.g.*, ECF No. 87 at 13, 18-19, 21, 25-27.) Likewise, the Court finds no merit to Plaintiff's newly raised claim that Defendants somehow conspired to discriminate against her based on her gender, as Plaintiff's complaint fails to allege any facts indicating a discriminatory motive on the part of Defendants. (*See id.* at 29.) Thus, the Court agrees with the Magistrate Judge that Plaintiff has failed to allege a plausible claim under either § 1983 or § 1985.

Plaintiff next objects that the Anti-Injunction Act does not preclude the relief she seeks and/or is inapplicable, but she provides no support for this assertion, and the Court finds Plaintiff's objection without merit. (*See* ECF No. 86 at 30.) Rather, as the Magistrate Judge properly concluded, 28 U.S.C. § 2283 provides that, with certain exceptions that do not apply here, "[a] court of the United States may not grant an injunction to stay proceedings in a State court. . . ." In addition, Plaintiff also summarily asserts that the *Younger* abstention doctrine does not apply, but again, she provides no support for this assertion, and the Court again finds Plaintiff's objection without merit. (*Id.* at 34.) Instead, the Court agrees with the Magistrate Judge that to the extent that any state court actions remain pending, the *Younger* abstention doctrine bars the Court from interfering with the ongoing state court proceeding. Moreover, the Court fully agrees with the Magistrate Judge that to the extent Plaintiff seeks to re-litigate matters already decided in state court proceedings, or matters that Plaintiff had the opportunity to litigate in state court proceedings, the doctrines of *res judicata* and collateral estoppel bar such claims.

Finally, with respect to Plaintiff's claims under the FDCPA, the Court finds that that Plaintiff is not a "consumer" for purposes of the FDCPA; that Plaintiff has failed to allege

sufficient facts to show that Defendants' attempt to collect on a sanctions award is deceptive or unfair, and that this case does not involve a "debt" arising out of a transaction entered primarily for personal, family, or household purposes, notwithstanding Plaintiff's wholly unsupported objections to the contrary.

In all, the Court finds that Plaintiff's objections fail to point to any legal or factual error in the Magistrate Judge's analysis sufficient to alter the outcome of this case. Leaving aside Plaintiff's non-specific objections, or those that are impossible to decipher, the remainder of Plaintiff's objections are conclusory and lack both legal and factual support. The Court ultimately agrees with the Magistrate Judge that Plaintiff's federal claims either fail to allege sufficient factual matter to state a plausible claim for relief or are simply unavailable to Plaintiff in this action as a matter of law. The Court also agrees with the Magistrate Judge that, having determined that Plaintiff's federal claims are subject to dismissal, it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See*, *e.g.*, *Mills v. Leath*, 709 F. Supp. 671, 675-76 (D.S.C. 1988) (noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after the dismissal of federal claims in a lawsuit).

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's motion to reconsider (ECF No. 86) is denied; the Magistrate Judge's Report (ECF No. 71) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 87) are overruled; Defendant Scarborough's motion to dismiss (ECF No. 46) is granted, and he is dismissed as a party from this action; the remaining Defendants' motion to dismiss (ECF No. 35) is

granted; Plaintiff's federal causes of action under § 1983, § 1985, and the FDCPA (Plaintiff's second, fourth, fifth, sixth, and ninth causes of action) are dismissed; and Plaintiff's remaining state law claims are dismissed without prejudice.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 28, 2019
Charleston, South Carolina